Opinion issued August 20, 2019



In The

# Court of Appeals

For The

# First District of Texas

—————————————————

## NO. 01-19-00135-CR

—————————————————

## DAVID AMAYA VELASQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 2125491**

---

## MEMORANDUM OPINION

Appellant, David Amaya Velasquez, pleaded guilty to the misdemeanor offense of assault on a family member. TEX. PENAL CODE § 22.01. In accordance with the terms of a plea-bargain agreement, the trial court signed a judgment of

conviction imposing a sentence of thirty days' confinement in the Harris County Jail with credit for time served. Velasquez filed a notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d). Here, the trial court's certification is included in the record on appeal. *See id*. The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

We also lack jurisdiction over this appeal because the notice of appeal was untimely filed. The trial court's judgment was signed on January 24, 2017. Appellant did not file his notice of appeal until February 11, 2019.

In a criminal case, the notice of appeal must be filed within 30 days of the date sentence is imposed. *See* TEX. R. APP. P. 26.2(a). An extension of time may be granted if the defendant files the notice of appeal and a motion for extension within fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. Appellant did not file his notice of appeal until more than two years after sentence was imposed. Absent a timely-filed notice of appeal, this Court lacks jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Velasquez has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."). And, because Velasquez filed an untimely notice of appeal, we lack jurisdiction over this appeal and must dismiss. *See Olivo*, 918 S.W.2d at 526.

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).